IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 14-09581 (ESL)

ORLANDO GONZALEZ TORRES                                   CHAPTER 13
DORIS NILDA RODRIGUEZ BAEZ

        Debtors

OPINION AND ORDER

        This case is before the court upon the Chapter 13 Trustee's *Objection for Application for Compensation of Attorney for Debtor* (Docket No. 51);  Almeida & Davila PSC's ("Almeida and/or "Applicant") *Reply to Trustee's Objection to Application for Compensation of Attorney's Fee*s (Docket No. 66); the Trustee's *Motion to Hold in Abeyance Second Application for Compensation of Attorney for Debtor* (Docket No. 89); the *Supplement to Reply to Trustee's Objection to Application for Compensation of Attorney's Fees* filed by the Applicant (Docket No. 98); the Trustee's *Sur-Reply to Applicant's Reply to Trustee's Objection to Application for Compensation* (Docket No. 100); and the Applicant's *Opposition to "Trustee's Sur Reply to Applicant's Reply to Trustee's Objection to Application for Compensation* (Docket No. 120). The highly contested issue in the present case relates to the Applicant's compliance with 11 U.S.C. §§ 526, 527 and 528. However, the Applicant argues that the Debtors were not assisted persons as defined by 11 U.S.C. §101(3) and, therefore, 11 U.S.C. §§ 526, 527 and 528 are inapplicable (Docket No. 160).

        For the reasons stated herein, the court finds that the Debtors were not assisted persons and, therefore, the Applicant was not subject to the restrictions of 11 U.S.C. §§ 526, 527 and 528.

-1-

Procedural History

On November 20, 2014, the Debtors, Orlando Gonzalez Torres and Doris Nilda Rodriguez Baez, filed a chapter 13 voluntary petition. (Docket No. 1). After several procedural matters and the filing of several amended plans, the attorney for the Debtors filed an *Application for Compensation* on April 30, 2015 (Docket No. 34). The application stated that the attorney had performed services up to March 25, 2015, fees amounting to $4,999.50, and that the Debtors paid $1,000.00 prepetition. Therefore, the unpaid balance amount was $3,999.50. On July 7, 2015, the Chapter 13 Trustee, Alejandro Oliveras Rivera, filed an *Objection to Application for Compensation of Attorney for Debtor* (Docket No. 51) alleging that the application failed to comply with LBR 2016-1 and the UST Fee Guidelines as follows: (1) the assertion of the attorneys stating that "[p]rior to filing the instant request for compensation, the debtors had a meaningful opportunity to review the fees billed herein, and approved their payment" is pro forma and lacks information and specificity to allow the court to ascertain how the debtors were given a meaningful opportunity to review the application; and (2) the 2016 Disclosure Statement filed by the attorney with the petition states that counsel for Debtors agreed to receive a $3,000.00 flat fee for services performed until the confirmation of the plan, yet at the same time provides that counsel will file an application for compensation if the time devoted in obtaining the confirmation of the plan exceeds $3,000.00 based on an hourly rate. Therefore, the plan did not clearly inform what is the ultimate fee to be charged for legal representation in connection with their bankruptcy case and in violation of 11 U.S.C. § 528. Additionally, the Trustee objected specific entries in the application for compensation as vague, lacking specificity or for being duplicative. Furthermore, the Trustee alleges that some entries are charged as legal work although constituting clerical work; others are inaccurate and some are lumped together, restricting the Trustee's capacity to evaluate the reasonability of the time spent on the tasks; and

other are excessively charged. In total, the Trustee objected specific entries of the application for the amount of $2,434,00.

On August 17, 2015, Almeida filed an *Amended Disclosure of Compensation of Attorney for Debtors,* stating that the parties had agreed to hourly billing if fees exceeded $3,000.00 (Docket No. 65). Additionally, Almeida filed its *Reply to "Trustee's Objection to Application for Compensation of Attorney's Fees, Docket 34"* on August 18, 2015 (Docket No. 66). Almeida argues that (1) the use of the $3,000.00 "no look" fee of $3,000.00 as a reference does not exclude the possibility of filing an application for compensation under the loadstar method based on hourly rates agreed upon with the Debtors; (2) the Applicant filed an *Amended Disclosure of Compensation* to clarify the terms of the compensation that was agreed with the Debtors since the beginning on the case; (3) the instant case is not a "run of the mill" chapter 13 as alleged by the Trustee, because Debtors own various properties, one subject to a lien with Banco Popular which required different treatments since the filing of the case and a stipulation consenting the lift of stay. Furthermore, the Debtors made two preferential payments within the 90 days prior to the filling which required a waiver/stipulation with the Trustee to prevent avoidance litigation; and (4) the Applicant disagrees with the Trustee's objection to specific entries. However, Almeida voluntarily reduced the fees in several entries in order to avoid a contested matter.

On September 3, 2015, Almeida filed a S*econd Application for Compensation* for the dates of March 26, 2015, to August 26, 2015 amounting to $3,044.00 (Docket No. 72). On October 29, 2015, the *Trustee's Motion to Hold in Abeyance Second Application for Compensation of Attorney for Debtor, Doc. #72* was filed alleging that many of the issues raised in the contested matter of the Trustee's objection to the first application for compensation are present on the second application for compensation, and therefore, the second application should be held in abeyance pending the court's adjudication of the contested matter regarding the first

application (Docket No. 89). The court granted the Trustee's request on November 3, 2015 (Docket No. 91).

On December 7, 2015, Almeida filed its *Supplement to Reply to "Trustee's Objection to Application for Compensation of Attorney's Fees, Docket. 34"* stating that (1) after a meeting with the Trustee and after receiving a request for production of documents by the Trustee, Almeida submitted to the Trustee a copy of the professional services agreement and copy of all the receipts of payments made by the Debtors for attorney's fees; and that (2) to avoid future controversies and discovery proceedings and to attain confirmation of the plan, the Applicant agreed to reduce the application as objected by the Trustee (Docket No. 98). However, the Applicant reiterates its previous position arguing that the Debtors were informed of the costs and fees in the present case.

On December 8, 2015, the Trustee filed the *Trustee's Sur-Reply to Applicant's Reply to Trustee's Objection to Application for Compensation, Doc. #66* (Docket No. 100). The Trustee argues that the written agreement for legal services between the Applicant and the Debtors fail to comply with 11 U.S.C. §§ 526, 527 and 528 by: (1) not explaining clearly and conspicuously the services the attorney will provide to the Debtors; (2) not explaining clearly and conspicuously the fees or charges for the services to be provided by the attorney and the terms of payment; (3) failing to estimate the cost of legal fees in a realistic and accurate fashion; (4) failing to accurately disclose the terms of the written agreement between the attorney and the Debtors, pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016; (5) seeking to deprive the Bankruptcy Court from jurisdiction to entertain matters regarding the interpretation and enforcement of the contract by stating that in any case were interpretation or enforcement of the contract is needed the Court of First Instance, San Juan Division, would have jurisdiction and, therefore, disregarding 11 U.S.C. §526; and (6) providing that the attorney may dispose of the physical file

containing original documents 10 days after the bankruptcy court enters a discharge order or order dismissing case, in violation of 11 U.S.C. §527(d) and P.R. LBR 5005-4(j). The Trustee further alleges that the Applicant has the burden of proving entitlement to fees requested and Fed. R. Bankr. P. 9011 does not create a presumption of correctness of the fee application and that Almeida has repeatedly disregarded the binding judicial precedent of In Re Lugo-Parrilla, 530 B.R. 1 (Bankr. D.P.R. 2015). The Trustee requests that the written contract between the debtor and the attorney be declared void; the denial of all the fee applications filed by Almeida and an order to disgorge the $1,000.00 fee paid pre-petition by the Debtors. The Trustee further requests the Court to order the applicant to employ the services of an independent auditor to perform an audit and file a report with the court of all the cases where the written contract for bankruptcy assistance with the assisted person did not comply with the provisions of 11 U.S.C. §§ 526, 527 and 528.

On January 18, 2016, the Debtors filed a *Motion for Voluntary Dismissal* alleging that the commercial property that the Debtors owned was foreclosed by Banco Popular on December 16, 2015 and, consequently, the Debtors had lost their income and were unable to make plan payments (Docket No. 110). On January 22, 2016, the Trustee requested the court to hold in abeyance the Debtors' Motion for Voluntary Dismissal for seven (7) days to allow the Trustee to file a memorandum for the need to retain jurisdiction to adjudicate the contested matter related to the Trustee's objection to the applications for compensation (Docket No. 111).

On January 24, 2016, Almeida filed its *Motion to Withdraw Dockets 34 and 72,* which related to the first and second application for compensation arguing that the withdrawal responds to the filing of the voluntary dismissal and that, to remove any pending controversy, Almeida was returning the $1,000.00 retainer paid by the Debtors (Docket No. 112). Furthermore, Almeida filed an *Opposition to Trustee's Motion to Hold Debtors' Motion for Voluntary*

*Dismissal in Abeyance and Request for Entry of Order Dismissing Case* stating that the Debtors had a right to the voluntary dismissal of their case and that the contested matters had been resolved with the withdrawal of the applications (Docket No. 113). The court granted the *Motion* filed by the Trustee requesting to hold Debtor's Motion for Voluntary Dismissal in Abeyance for seven (7) days (Docket No. 114) and denied *Debtor(s) Opposition to Trustee Motion to Hold the Motion for Voluntary Dismissal in Abeyance* without allowing the Trustee time to argue whether the court should retain jurisdiction over the pending issues (Docket No. 115).

On January 29, 2016, the *Trustee's Position Regarding Debtors' Motion for Voluntary Dismissal, Doc. #110; Applicant's Motion to Withdraw Fee Applications, Doc. #112; Request to Retain Jurisdiction Over Pending Issues Regarding Fee Applications and; Invalidity of Legal Services Contract* was filed (Docket No. 116). The Trustee alleged that, under the authority granted by Section 105(a), the court should retain jurisdiction over the contested matter regarding the fee applications and the Trustee's objection. The Trustee alleges that the attorney attempted to turn the controversy moot by withdrawing the applications for compensation and returning the retainer to the Debtors. However, debt relief agencies that violate §§ 526, 527 and 528 remain liable to the Debtors for actual damages and reasonable attorney's fees and costs. The Trustee further alleges that the court retains the statutory power to enjoin violations and impose civil penalties to the debt relief agency.

On February 1, 2016, Almeida filed its *Applicant's Opposition to "Trustee's Sur Reply to Applicant's Reply to Trustee's Objection to Application for Compensation, Doc #66* (Docket No. 120). The Applicant argues that there is no actual controversy pending for the court to adjudge and that the contested matter became moot. The Applicant also challenges the Trustee's standing as he fails to comply with the "injury in fact" requirement. Almeida alleges that the Debtors suffered no injury or damages in connection with the professional services contract and a

decision related to the validity of the contract is not likely to redress any tangible injury to the Trustee, who is not a party to the contract.

On February 2, 2016, the court denied the *Debtor's Motion Requesting Dismissal* without prejudice to pleading in particularity the basis for the conclusory allegations that debtors had lost their rental income (Docket No. 121). The court ordered the Debtors to submit an unsworn statement under penalty of perjury attesting to the counsels' representations. On the same date, the court granted the *Trustee's Position* at Docket No. 116 and stated that it will retain jurisdiction to entertain the issue presented by the Chapter 13 Trustee related to the service contract (Docket No. 123).

The Debtors filed a *Motion for Reconsideration of Order Denying Request for Voluntary Dismissal* on February 12, 2016 (Docket No. 127) which was opposed by the Trustee on February 19, 2016 (Docket No. 128). The court denied the *Motion for Reconsideration* on February 23, 2016 (Docket No. 129).

However, on May 15, 2017, First Bank PR filed a *Motion to Dismiss Case For Failure to Make Plan Payments*, stating that the Debtors were in arrears for the amount of $8,880.00, equivalent to 16 months (Docket No. 143). The amount was confirmed by the Trustee (Docket No. 144). During the hearing held on June 9, 2017, the court dismissed the case (Docket No. 150). Nevertheless, the court ordered the parties to state their position as to the mootness of the remedies requested by the Trustee. On July 27, 2017, Almeida filed the *Motion in Compliance with Court Order at Docket #150* (Docket No. 156) and the Trustee filed the *Reply to Debtor's Counsel Motion in Compliance with Court Order at Docket #150 and Request for the Court to Retain Jurisdiction on validity of Professional Service Contract, Doc. #156* (Docket No. 160). The court granted *Trustee's Reply to Debtors' Motion in Compliance with Court Order (docket #160)* and retained jurisdiction to entertain the contested matter regarding the validity of the

service contract (Docket No. 161). Furthermore, the court ordered Almeida to address the requests made by the Chapter 13 Trustee in addition to whether or not to declare the service contract void pursuant to 11 U.S.C. §§ 526, 527 and 528. The Applicant complied with the court's order at February 16, 2018 (Docket No. 169). The Applicant argues, for the first time, that the Debtors were not assisted persons as their debts were primarily business debts and the value of the debtors' nonexempt property exceeds $192,450.00. The court notes that Applicant's argument remained uncontested. The court, therefore, needs to consider if the Debtors were assisted persons, as defined by the Bankruptcy Code.

Legal Analysis

The purpose of incorporating the provisions in 11 U.S.C. §§ 526, 527 and 528 was to require debt relief agencies to disclose specific information about the bankruptcy process to consumer debtors, whose frequent ignorance and confusion could subject them to easy deception. Conn. Bar Ass'n v. United States, 620 F. 3d, 81, 95 (2nd Cir. 2010). Sections 526, 527 and 528 govern the relationship between "debt relief agencies" and "assisted persons", by regulating the manner in which bankruptcy attorneys provide services to their clients. Hersh v. United States, 553 F.3d 743, 748 (5th Cir. 2008).

To protect assisted persons from abusive practices, BAPCPA introduced strict measures on the conduct of consumer debtors' attorneys, as debt relief agencies. "The bankruptcy attorney as a debt relief agency must provide the client, as an assisted person, with all the protection and rights set forth in 11 U.S.C.A. §§526 to 528." In re Pereira-Santiago, 457 B.R. 172, 175 (Bankr. D.P.R. 2011). This court extensively discussed the debt relief agencies' obligations and the application of Sections 526, 527 and 528 in In Re Rodriguez Perez, 2018 Bankr. LEXIS 2245, 2018 WL 3655656, (Bankr. D.P.R. July 31, 2018). However, this court has also determined that sections §§526, 527 and 528 are not applicable when the Debtors are not assisted persons within

-8-

the meaning of the Bankruptcy Code. See In Re Morales Alicea, 15-02646 (ESL) and In Re Miró Roman, 15-09598 (ESL).

The term "assisted person" means any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $204,425. 11 U.S.C. 101(3). When filling the petition, the Debtors characterized their debts as "primarily consumer debts as defined in 11 U.S.C. §101(8) as "incurred by an individual for a personal, family, or household purpose" (Docket No. 1). However, as a last resort argument against the Trustee's multiple allegations as to the Applicant's failure to comply with Sections 526, 527 and 528, Almeida alleges that the Debtors were not assisted persons and, therefore, the sections on which the Trustee bases his assertions are not applicable. The argument of the Applicant is that the Debtors' debt did not consist of primarily consumer debts.

The Bankruptcy Code defines consumer debt as "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Several courts have discussed the definition of consumer debt in relation to dismissals pursuant to 11 U.S.C. 707(b). These courts debated the differences between consumer and business debts and concluded that the purpose for which the debt was incurred determines whether it is a consumer or a business debt. "Debt incurred for business ventures or other profit-seeking activities is plainly not consumer debt for purposes of section 707(b)." In re Kelly, 841 F.2d 908 (9th Cir. 1988). On the same context, courts have determined that the debtors bear the burden of demonstrating a profit motive in order to establish that a debt is nonconsumer or a business debt. Palmer v. Laying, 559 B.R. 746 (D. Colo. 2016); see also DeAngelis v. Liegey (In re Liegey), No. 1:09-bk-00661MDF, 2009 Bankr. LEXIS 3678 (Bankr. M.D. Pa. Nov. 13, 2009) and In re Booth, 858 F.2d 1051, 1055 (5th Cir. 1988).

Debts incurred by the debtor with a profit motive are not consumer debts. In re Booth, 858 F.2d 1051, 1055 (5th Cir. 1988). "Accordingly, the test for determining whether a debt should be classified as a business debt, rather than a debt acquired for personal, family or household purposes, is whether it was incurred with an eye toward profit", referred as the profit motive test. *Id*. See also Citizens Nat'l Bank v. Burns (In re Burns), 894 F.2d 361, 363 (10th Cir. 1990); Cypher Chiropractic Ctr. v. Runski (In re Runski), 102 F.3d 744, 747 (4th Cir. 1996).

Although the profit motive test was elaborated in the context of section 707(b), the court finds that it is applicable on the present circumstances as it is an interpretation of the definition of consumer debt in Section 101(8). To be qualified as an assisted person, the debtor must (1) be a person whose debts consist primarily of consumer debt, and (2) the value of nonexempt property must be less than $204,425.00.

The Applicant alleges that the Debtors' principal debt is not a consumer debt, which will exclude the Debtors from the definition of assisted persons. Essentially, the Applicant argues that Claim No. 4, initially filed by Banco Popular de Puerto Rico as a secured debt and later transferred to Condado 3 LLC; and Claim No. 5 from Banco Popular de Puerto Rico are both commercial debts obtained by the Debtors in relation to the operation of a mattresses and furniture business that the Debtors operated. The business was disclosed in the Debtors Statement of Financial Affairs as D/B/A Mueblería Doriam. (See Docket No. 1, Page 40). Although the business nature of the claims is not apparent from the filing, both claims were filed by a commercial relationship officer of Banco Popular de Puerto Rico. Moreover, the encumbered property was described by the Debtors as a commercial property in Schedule A (Docket No. 1, page 12). The property is not the Debtors' principal residence. Furthermore, the *Stipulation for Relief of Stay* filed by Banco Popular and the Debtors states that the three mortgage notes in the amounts of $200,000.00, $80,000.00 and $100,000.00 are guaranteed with

"commercial/residential property marked as #4 Bayaney Ward, Hatillo, P.R." (Docket No. 48). The Debtors disclosed four (4) lease agreements related to the commercial property which generated an income of $2,200.00 (Schedule G, page 28, Docket No. 1). An income from "rental property and from operating a business, profession or farm" was disclosed on Schedule I for the amount of $ 2,365.00 (Schedule I, Docket No. 1, page 31). Schedule I was amended on January 21, 2015, to correct the rent income to the amount of $2,200.00 (Docket No. 16). The rental income was removed from Schedule I on June 2, 2017 (Docket No. 147). Furthermore, the statement of financial affairs showed an income from business operation and a rental income (Docket No. 1, pages 35- 36). Although claim No. 4 was amended to change its status from secured to an unsecured deficiency claim of $332,831.27, it still remained the largest claim in the claim register and greater than the totality of all the other claims.

Therefore, the court concludes that the record of the case demonstrates the profit motive of the mortgage loan obtained by the Debtors with a lien on the commercial property and, consequently, the debts were not primarily consumer debts. Thus, the Debtors were not assisted persons as defined by Section 101(3) and 11 U.S.C. §§ 526, 527 and 528 are inapplicable.

Conclusion

In view of the foregoing, the Court finds that Debtors were not assisted persons, as defined by Section 101(3) and 11 U.S.C. §§ 526, 527 and 528 are inapplicable.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this February 24th, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-